Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90210
Telephone: 310/208-2800
Facsimile:  310/209-2348

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN BUSHANSKY, | Case No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| MEDALLIA, INC., LESLIE J. KILGORE, STANLEY J. MERESMAN, STEVEN C. WALSKE, ROBERT BERNSHTYN, MITCHELL K. DAUERMAN, AMY E. PRESSMAN, BORGE HALD, DOUGLAS M. LEONE, LESLIE J. STRETCH, and JAMES D. WHITE, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Stephen Bushansky ("Plaintiff"), on behalf of himself and all others similarly situated, upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

- 1 -
COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

## NATURE OF THE ACTION

1.      This is an action brought by Plaintiff against Medallia, Inc. ("Medallia" or the "Company") and the members of Medallia's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, and to enjoin the vote on a proposed transaction, pursuant to which Medallia will be acquired by affiliates of Thoma Bravo, L.P. ("Thoma Bravo") through their subsidiaries Project Metal Parent, LLC ("Parent") and Project Metal Merger Sub, Inc. ("Merger Sub") (the "Proposed Transaction").

2.      On July 26, 2021, Medallia issued a press release announcing that it had entered into an Agreement and Plan of Merger dated July 25, 2021 (the "Merger Agreement") to sell Medallia to Thoma Bravo. Under the terms of the Merger Agreement, each Medallia stockholder will receive $34.00 in cash for each share of Medallia common stock they own (the "Merger Consideration"). The Proposed Transaction is valued at approximately $6.4 billion.

3.      On September 14, 2021, Medallia filed a Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Medallia stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information concerning, among other things: (i) the Company's financial projections; (ii) the data and inputs underlying the valuation analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley"); (iii) the background of the Proposed Transaction; and (iv) potential conflicts of interest faced by Medallia's additional financial advisors, BofA Securities, Inc. ("BofA") and Wells Fargo Securities ("Wells Fargo"). Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. In short, unless remedied, Medallia's public stockholders will be irreparably harmed because the Proxy Statement's material misrepresentations and omissions prevent them from making a sufficiently informed voting or appraisal decision on the Proposed Transaction. Plaintiff seeks to enjoin the stockholder vote on the Proposed Transaction unless and until such Exchange Act violations are cured.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §1331 (federal question jurisdiction).

6. The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391 because: (i) the Company is headquartered in this District; (ii) one or more of the defendants either resides in or maintains executive offices in this District; and (iii) defendants have received substantial compensation in this District by doing business here and engaging in numerous activities that had an effect in this District.

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, a continuous stockholder of Medallia.

9. Defendant Medallia is a Delaware corporation, with its principal executive offices located at 575 Market Street, Suite 1850, San Francisco, California 94105. The Company provides software-as-a-service ("SaaS") customer experience management and employee engagement

software to hospitality, retail, financial services, high-tech, and business-to-business companies internationally. Medallia's common stock trades on the New York Stock Exchange under the ticker symbol "MDLA."

10. Defendant Leslie J. Kilgore ("Kilgore") has been a director of the Company since July 2015.

11. Defendant Stanley J. Meresman ("Meresman") has been a director of the Company since June 2015.

12. Defendant Steven C. Walske ("Walske") has been a director of the Company since August 2011.

13. Defendant Robert Bernshteyn ("Bernshteyn") has been Lead Independent Director since February 2021 and a director of the Company since June 2019.

14. Defendant Mitchell K. Dauerman ("Dauerman") has been a director of the Company since April 2019.

15. Defendant Amy E. Pressman ("Pressman") is a co-founder of the Company and has been a director since July 2000. Defendant Pressman previously served as the Company's President from July 2000 to August 2018 and continued as a senior executive through June 2019.

16. Defendant Borge Hald ("Hald") is a co-founder of the Company and has been Executive Chairman and Chief Strategy Officer since August 2018, and a director since July 2000. Defendant Hald previously served as the Company's Chief Executive Officer ("CEO") from March 2001 to August 2018.

17. Defendant Douglas M. Leone ("Leone") has been a director of the Company since November 2011.

18. Defendant Leslie J. Stretch ("Stretch") has been President, CEO, and a director of the Company since August 2018.

19. Defendant James D. White ("White") has been a director of the Company since June 2020.

20. Defendants identified in paragraphs 10-19 are referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

21. Thoma Bravo is one of the largest private equity firms in the world, with offices in Chicago, Miami and San Francisco, and more than $78 billion in assets under management as of March 31, 2021. Thoma Bravo invests in growth-oriented, innovative companies operating in the software and technology sectors.

22. Parent is affiliated with an investment fund managed or advised by Thoma Bravo.

23. Merger Sub is a wholly-owned subsidiary of Parent.

## SUBSTANTIVE ALLEGATIONS

**Background of the Company**

24. Medallia is the pioneer and market leader in customer, employee, citizen and patient experience. The Company's award-winning SaaS platform, Medallia Experience Cloud, is becoming the experience system of record that makes all other applications customer and employee aware. The platform captures billions of experience signals across interactions including all voice, video, digital, Internet of Things ("IOT"), social media and corporate messaging tools. Medallia uses proprietary artificial intelligence and machine learning technology to automatically reveal predictive insights that drive powerful business actions and outcomes. Medallia customers reduce churn, turn detractors into promoters and buyers, create in-the-moment cross-sell and up-sell opportunities and drive revenue-impacting business decisions, providing clear and potent returns on investment.

25. On September 2, 2021, Medallia announced its second quarter fiscal 2022 financial results. Total revenue for the quarter was $144.1 million, an increase of 25% from the same period

last year. Subscription revenue was $117.4 million, an increase of 26% from the same period last year.  Reflecting on the results, defendant Stretch stated:

> We had strong enterprise and mid-market new business execution as well as solid expansion performance.  Our highly differentiated platform and focus on voice of customer and voice of employee in today's digital-first world positions us well for the future.
>
> I was very pleased with our second quarter results.  We had strong enterprise and mid-market new business execution as well as solid expansion performance.  Our highly differentiated platform and focus on voice of customer and voice of employee in today's digital-first world positions us well for the future.

**The Proposed Transaction**

26.    On July 26, 2021, Medallia issued a press release announcing the Proposed Transaction.  The press release states, in relevant part:

> SAN FRANCISCO, Calif. - July 26, 2021 - Medallia, Inc. (NYSE: MDLA) ("Medallia"), the global leader in customer and employee experience, today announced that it has entered into a definitive agreement to be acquired by Thoma Bravo, a leading software investment firm, in an all-cash transaction that values Medallia at $6.4 billion.  Through this transaction, Medallia will become a private company with additional resources and greater flexibility to build on its innovation leadership and expand its customer impact.  Additionally, the transaction will allow Medallia to benefit from the operating capabilities, capital support and deep sector expertise of Thoma Bravo – one of the most experienced and successful software investors in the world.
>
> Under the terms of the agreement, Medallia shareholders will receive $34.00 per share in cash, which represents a premium of approximately 20% to Medallia's unaffected closing stock price on June 10, 2021, the last full trading day prior to media reports regarding a possible transaction, and a premium of approximately 29% to Medallia's unaffected 30-day average price.
>
> "Today's announcement underscores our commitment to constant innovation, expansion and value creation," said Leslie Stretch, President and CEO of Medallia. "Since becoming a public company in 2019, we have made significant progress bolstering our leadership position in experience management.  Today, Medallia benefits from a differentiated portfolio of cloud technology solutions and an expansive, loyal customer base across a diverse set of industry verticals and geographies.  I look forward to our continued outstanding work in support of our customers. Furthermore, we are eager to build on our success and begin the next phase of differentiated growth, and we believe that becoming a private company represents the best opportunity to do just that.  In addition to maximizing value for our

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

shareholders, this transaction will enable us to execute on our long-term strategy with even greater effectiveness, efficiency and flexibility."

"Medallia has positioned itself at the forefront of the experience management market with a best-in-class SaaS platform that leverages proprietary AI to help companies better understand their customers and employees and drive meaningful business growth at scale," said Scott Crabill, a Managing Partner at Thoma Bravo. "Medallia's ability to provide personalized and predictive insights across every channel and to companies of all sizes has become mission-critical in a rapidly expanding universe of structured and unstructured data, where more and more business is transacted digitally. We look forward to partnering with Leslie and the talented Medallia team and applying our operational and investment expertise in software to support the company in the next phase of its growth journey."

"Medallia not only created the category of experience management but continues to re-define it through innovation, having built a unified, action-oriented platform with the most comprehensive signal capture technology on the market," said Peter Stefanski, a Principal at Thoma Bravo. "Medallia products are used extensively from the front line to the C-suite in enabling users to improve experiences in real-time with valuable data and insights. In a world where enterprises are only beginning to understand the power of using experience data to run their businesses, we are excited to support Medallia as it continues to capitalize on a massive, growing market opportunity."

**Transaction Details**

Following an unsolicited approach regarding an acquisition, the Medallia Board of Directors engaged in a robust strategic review process with the assistance of independent legal and financial advisors. This included an evaluation of Medallia's strategic plan as an independent company and other strategic alternatives. Following this process, the Medallia Board unanimously approved the transaction with Thoma Bravo, as it provides Medallia's shareholders with immediate and certain value.

Thoma Bravo has also entered into voting agreements with Medallia's directors and executive officers, and investment funds affiliated with these individuals. Under these agreements, which represent approximately 34% of Medallia's outstanding shares, the applicable shareholders have agreed to vote in favor of the transaction, subject to certain terms and conditions contained therein.

The agreement includes a 40-day "go-shop" period expiring on September 4, 2021. During this period, Medallia, assisted by its legal and financial advisors will actively initiate, solicit and consider alternative acquisition proposals from third parties. The Medallia Board will have the right to terminate the merger agreement to enter into a superior proposal, subject to the terms and conditions of the merger agreement. There can be no assurance that this "go-shop" process will result in a superior proposal, and Medallia does not intend to disclose developments with respect to the solicitation process unless and until it determines that such disclosure is appropriate or otherwise required.

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS

The transaction is expected to close in 2021, subject to customary closing conditions, including approval by Medallia shareholders and receipt of regulatory approvals. Upon completion of the transaction, Medallia's common stock will no longer be listed on any public market. Medallia will remain headquartered in San Francisco.

**Advisors**

Morgan Stanley & Co. LLC is serving as lead financial advisor to Medallia, and BofA Securities and Wells Fargo Securities are also serving as financial advisors. Wilson Sonsini Goodrich & Rosati, Professional Corporation is serving as Medallia's legal advisor. Kirkland & Ellis LLP is serving as legal advisor to Thoma Bravo. Debt financing for the transaction is being provided by Blackstone Credit, certain funds managed by affiliates of Apollo Capital Management, L.P., KKR Credit, Thoma Bravo Credit and Antares Capital.

**Insiders' Interests in the Proposed Transaction**

27.  Medallia insiders are the primary beneficiaries of the Proposed Transaction, not the Company's public stockholders. The Board and the Company's executive officers are conflicted because they will have secured unique benefits for themselves from the Proposed Transaction not available to Plaintiff and the public stockholders of Medallia.

28.  Notably, Company insiders stand to reap substantial financial benefits for securing the deal with Thoma Bravo. Pursuant to the Merger Agreement, all outstanding Company options, restricted stock units ("RSUs"), and performance-based restricted stock units ("PSUs") will vest and convert into the right to receive the Merger Consideration. The following table summarizes the value of ordinary shares, options, RSUs, and PSUs that Company insiders stand to receive:

| Name | Shares Held Directly[1] | | In-the-Money Medallia Options[2] | | Medallia RSUs and Medallia PSUs[3] | | Total ($) |
|---|---|---|---|---|---|---|---|
| | Number of Shares (#) | Value of Shares ($) | Number of Shares Subject to Vested Portion (#) | Value of Shares Subject to Vested Portion ($) | Number of Shares (#) | Value ($) | |
| Leslie Stretch[4] | 194,824 | 6,624,016 | 7,192,444 | 197,736,870 | 605,275 | 20,579,350 | 224,940,236 |
| Roxanne Oulman[5] | 201,086 | 6,836,924 | 564,585 | 15,396,233 | 495,699 | 16,853,766 | 39,086,923 |
| Elizabeth Carducci[6] | 1,296,451 | 44,079,334 | 155,623 | 4,367,657 | 248,974 | 8,465,116 | 59,912,107 |
| Mikael Ottosson[7] | 38,923 | 1,323,382 | 497,079 | 13,984,277 | 177,231 | 6,025,854 | 21,333,513 |
| Jimmy Duan[8] | 110,614 | 3,760,876 | — | — | 292,886 | 9,958,124 | 13,719,000 |
| Robert Bernshteyn[9] | 19,672 | 668,848 | — | — | 13,591 | 462,094 | 1,130,942 |
| Mitchell Dauerman[10] | 19,976 | 679,184 | — | — | 14,006 | 476,204 | 1,155,388 |
| Borge Hald[11] | 3,213,614 | 109,262,876 | 1,900,000 | 55,787,000 | 50,001 | 1,700,034 | 166,749,910 |
| Leslie Kilgore[12] | 277,036 | 9,419,224 | — | — | 7,791 | 264,894 | 9,684,118 |
| Douglas Leone[13] | 1,477,421 | 50,232,314 | — | — | 7,791 | 264,894 | 50,497,208 |
| Stanley Meresman[14] | 22,312 | 758,608 | — | — | 7,791 | 264,894 | 1,023,502 |
| Amy Pressman[11] | 3,586,697 | 121,947,698 | 1,250,000 | 37,385,500 | 57,792 | 1,964,928 | 161,298,126 |
| Steven Walske[15] | 507,575 | 17,257,550 | — | — | 7,791 | 264,894 | 17,522,444 |
| James White[16] | 3,898 | 132,532 | — | — | 13,784 | 468,656 | 601,188 |

29.     In addition, if they are terminated in connection with the Proposed Transaction, Medallia's named executive officers stand to receive substantial cash severance payments as set forth in the following table:

| Name | Cash ($)[1] | Equity ($)[2] | Perquisites/Benefits ($)[3] | Total ($)[4] |
|---|---|---|---|---|
| Leslie J. Stretch | 1,833,333 | 98,038,965 | 50,781 | 99,923,079 |
| Roxanne M. Oulman | 933,333 | 24,239,600 | 33,854 | 25,206,787 |
| Elizabeth M. Carducci | 933,333 | 8,996,759 | 27,287 | 9,957,379 |
| Mikael J. Ottosson | 800,000 | 6,661,683 | 33,854 | 7,495,537 |
| Jimmy C. Duan | 800,000 | 9,958,124 | 33,854 | 10,791,978 |

**The Proxy Statement Contains Material Misstatements or Omissions**

30.     The defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to Medallia's stockholders. The Proxy Statement misrepresents or omits

material information that is necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

31. Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning: (i) the Company's financial projections; (ii) the data and inputs underlying the valuation analyses performed by the Company's financial advisor, Morgan Stanley; (iii) the background of the Proposed Transaction; and (iv) potential conflicts of interest faced by Medallia's additional financial advisors, BofA and Wells Fargo.

***Material Omissions Concerning the Company's Financial Projections***

32. The Proxy Statement omits material information regarding the Company's financial projections.

33. For example, the Proxy Statement sets forth:

> The Projected Financial Information was used, at the direction of the Medallia Board, to extrapolate cash flows for fiscal years 2022 through 2025 for purposes of Morgan Stanley's discounted free cash flow analysis (as described in more detail in the section of this proxy statement captioned "—Opinion of Morgan Stanley & Co. LLC"). Such extrapolations were reviewed by Medallia management and approved for Morgan Stanley's use by the Medallia Board and Medallia management.

Proxy Statement at 55. The Proxy Statement, however, wholly omits the extrapolated financial figures for Medallia for the years 2026 through 2030, including the unlevered free cash flows utilized by Morgan Stanley in its *Discounted Cash Flow Analysis* and the underlying line items.

34. The omission of this information renders the statements in the "Projected Financial Information" and "Opinion of Morgan Stanley & Co. LLC" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

***Material Omissions Concerning Morgan Stanley's Financial Analyses***

35. The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by the Company's financial advisor, Morgan Stanley.

36.     The Proxy Statement describes Morgan Stanley's fairness opinion and the various valuation analyses performed in support of its opinion. However, the description of Morgan Stanley's fairness opinion and analyses fails to include key inputs and assumptions underlying these analyses. Without this information, as described below, Medallia's public stockholders are unable to fully understand these analyses and, thus, are unable to determine what weight, if any, to place on Morgan Stanley's fairness opinion in determining whether to vote in favor of the Proposed Transaction or seek appraisal.

37.     With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose: (i) the unlevered free cash flows utilized in the analysis through calendar year 2030 as well as the line items used to calculate the Company's unlevered free cash flows; (ii) quantification of the terminal values for Medallia; (iii) quantification of the inputs and assumptions underlying the discount rates of 7.7% to 9.6%; (iv) net debt; and (v) the present value of net operating losses.

38.     With respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Proxy Statement fails to disclose: (i) the calendar 2023 revenue estimates under the street case; (ii) for each of the street case and the management case, the estimated future net cash and future implied aggregate value for Medallia utilized in the analysis; (iii) Medallia's projected per-share price; and (iv) quantification of the inputs and assumptions underlying the discount rate of 9.1%.

39.     With respect to Morgan Stanley's *Equity Research Analysts' Future Price Targets* analysis, the Proxy Statement fails to disclose: (i) the individual price targets used in the analysis; and (ii) the sources thereof.

40.     With respect to Morgan Stanley's *Illustrative Precedent Transaction Premiums* analysis, the Proxy Statement fails to disclose: (i) each of the transactions observed by Morgan Stanley in the analysis; and (ii) the premiums for each of the transactions observed.

41. The omission of this information renders the statements in the "Opinion of Morgan Stanley & Co. LLC" and "Projected Financial Information" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning the Background of the Proposed Transaction*

42. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction.

43. For example, the Proxy Statement fails to disclose whether Medallia entered into confidentiality agreements with any of the 38 parties contacted during the "go-shop" period and, if so, whether they include "don't-ask, don't-waive" standstill provisions that are presently precluding these potential counterparties from submitting a topping bid for the Company.

44. The disclosure of the terms of these confidentiality agreements is crucial to Medallia stockholders being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

45. The omission of this information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

*Material Omissions Concerning BofA's and Wells Fargo's Potential Conflicts of Interest*

46. The Proxy Statement fails to disclose material information concerning the potential conflicts of interest faced by BofA and Wells Fargo.

47. For example, the Proxy Statement fails to disclose material information regarding BofA's and Wells Fargo's respective engagements, including: (i) the amount of compensation BofA and Wells Fargo have received or will receive in connection with their engagements; (ii) the amount of BofA's and Wells Fargo's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) whether BofA or Wells Fargo have performed past services for any parties to the

Merger Agreement or their affiliates; (iv) the timing and nature of such services; and (v) the amount of compensation received by BofA or Wells Fargo for providing such services.

48. The omission of this information renders the statements in the "Background of the Merger" section of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

49. The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement. Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other Medallia stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims Against All Defendants for Violations of Section 14(a) of the
Exchange Act and Rule 14a-9 Promulgated Thereunder**

50. Plaintiff repeats all previous allegations as if set forth in full.

51. During the relevant period, defendants disseminated the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading in violation of Section 14(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder.

52. By virtue of their positions within the Company, the defendants were aware of this information and of their duty to disclose this information in the Proxy Statement. The Proxy Statement was prepared, reviewed, and/or disseminated by the defendants. It misrepresented and/or omitted material facts, including material information about the Company's financial projections, the data and inputs underlying the financial valuation analyses that support the fairness opinion provided

by Morgan Stanley, the background of the Proposed Transaction, and potential conflicts of interest faced by BofA and Wells Fargo.  The defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

53. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction or seek to exercise their appraisal rights.

54. By reason of the foregoing, the defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

55. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm, rendering money damages inadequate.  Therefore, injunctive relief is appropriate to ensure defendants' misconduct is corrected.

## COUNT II

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

56. Plaintiff repeats all previous allegations as if set forth in full.

57. The Individual Defendants acted as controlling persons of Medallia within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Medallia, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

58. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or

shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

59.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of the Proxy Statement.

60.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

61.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

62.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of defendants' conduct, Medallia's stockholders will be irreparably harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Medallia, and against defendants, as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert

with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Medallia stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 21, 2021

**WEISSLAW LLP**
Joel E. Elkins

By: */s/ Joel E. Elkins*

Joel E. Elkins
611 Wilshire Blvd., Suite 808
Los Angeles, CA 90210
Telephone:  310/208-2800
Facsimile:   310/209-2348
　　　　　-and-
Richard A. Acocelli
305 Broadway, 7th Floor
New York, NY  10007
Telephone: 212/682-3025
Facsimile:  212/682-3010

*Attorneys for Plaintiff*

COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS